**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHOSEN FIGURE LLC,

             Plaintiff,

    v.

PRABAL GURUNG, LLC,

             Defendant.

Case No:

## COMPLAINT

Plaintiff Chosen Figure LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Prabal Gurung, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.     Plaintiff created a photograph of singer and songwriter Camila Cabello (the "Photograph") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.     Defendant is a high-end luxury clothing brand which owns and operates a website at domain https://prabalgurung.com (the "*Website*").

4.     Defendant additionally owns and operates a social media account on Facebook at domain www.facebook.com/PrabalGurung (the "*Account*").

5.     Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

1

**PARTIES**

6.      Chosen Figure LLC is a Georgia limited liability company and maintains its principal place of business in Gwinnett County, Georgia.

7.      On information and belief, Defendant Prabal Gurung, LLC, is a New York limited liability company with a principal place of business at 247 West 37th Street, New York in New York County, New York.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.      This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10.      Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.      **Plaintiff's Copyright Ownership**

11.      Plaintiff is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12.      Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15.     On May 2, 2022, Plaintiff first published the Photograph.  A copy of the Photograph is attached hereto as Exhibit 1.

16.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

17.     On May 11, 2022, the Photograph was registered by the USCO under Registration No. VA 2-301-365.

18.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

19.     Plaintiff published the Photograph by commercially licensing it to Backgrid media agency for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

20.     Defendant is the registered owner of the Account and is responsible for its content.

21.     The Account is an integral part of and is used to advance Defendant's commercial enterprise.

22.     The Account is a key component of Defendant's popular and lucrative commercial enterprise.

23.     The Account is monetized in that it facilitates shopping by featuring Defendant's merchandise and re-directing users to the Website, on which Defendant sells a wide array of luxurious, high-end clothing and, on information and belief, Defendant profits from these activities.

24.     On or about October 18, 2022, Defendant displayed the Photograph on the

Account at URL

https://www.facebook.com/photo/?fbid=10160213021044805&set=pcb.10160213021094805. A

copy of a screengrab of the Account including the Photograph is attached hereto as Exhibit 2.

25.     The     Photograph     was     stored     at     URL:     https://scontent.fbom57-

1.fna.fbcdn.net/v/t39.30808-

6/312220265_10160213021034805_7995528009139975704_n.jpg?_nc_cat=103&ccb=1-

7&_nc_sid=730e14&_nc_ohc=HhT9wgdc0l8AX_uU6wZ&_nc_ht=scontent.fbom57-

1.fna&oh=00_AfBAsA2cuCgo79_c826dQDKvbQLCXDW5D1uQlAjGGKPjjg&oe.

26.     Without permission or authorization from Plaintiff, Defendant volitionally copied

and/or displayed Plaintiff's copyright protected Photograph on the Account.

27.     On information and belief, the Photograph was copied and displayed by Defendant

without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph

(hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

28.     Plaintiff first observed and actually discovered the Infringement on November 10,

2022.

29.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed

tangible medium of expression that was sufficiently permanent or stable to permit it to be

communicated for a period of more than a transitory duration and therefore constitutes a specific

infringement. *17 U.S.C. §106(5)*.

30.     The Infringement is an exact copy of Plaintiff's original image that was directly

copied and displayed by Defendant on the Account.

31.     On information and belief, Defendant takes an active and pervasive role in the

content posted on its Account, including, but not limited to copying, posting, selecting,

commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

32.     On information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

33.     On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

34.     On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

35.     On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

36.     On information and belief, Defendant monitors the content on its Account.

37.     On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

38.     On information and belief, the Infringement increased traffic to the Account and the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

39.     On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

40.     On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

41.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

42.     Defendant's use of the Photograph harmed the actual market for the Photograph.

43.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

44.     On April 17, 2023, Plaintiff, via counsel, served Defendant with a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work, to which Defendant failed to respond to.

45.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was therefore forced to seek judicial intervention for Defendant's infringing activity.

46.     Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

47.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

48.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

49.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

50.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

51.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

52.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

53.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

54.     On information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Account.

55.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

56.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

57.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

58.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.      finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b.      for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.      for pre-judgment interest as permitted by law; and

f.      for any other relief the Court deems just and proper.

DATED: October 2, 2023

**SANDERS LAW GROUP**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.

333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127798

*Attorneys for Plaintiff*