```
                                                            USDC SDNY
                                                            DOCUMENT
UNITED STATES DISTRICT COURT                                ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                               DOC #: _____
CHOSEN FIGURE LLC,                                          DATE FILED: 3/10/2025

                        Plaintiff,

        -against-                                           23 Civ. 8657 (AT) (GS)

PRABAL GURUNG, LLC,                                         ORDER

                        Defendant.
```

ANALISA TORRES, District Judge:

Plaintiff, Chosen Figure LLC ("Chosen Figure"), a photography business, brings this action against Defendant, Prabal Gurung, LLC ("Prabal Gurung"), a clothing brand, for displaying Chosen Figure's photograph in a Facebook post in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*  *See generally* Compl., ECF No. 1.  Before the Court are Chosen Figure's motion for a default judgment, a report and recommendation (the "R&R") from the Honorable Gary Stein recommending that the Court enter a default judgment against Prabal Gurung for failing to appear in this matter, and Chosen Figure's timely objections.  Mot., ECF No. 22; R&R, ECF No. 31; Objs., ECF No. 34.  For the reasons stated below, Chosen Figure's objections are overruled in part and sustained in part, and Chosen Figure's motion for a default judgment is granted in part and denied in part.

## BACKGROUND[1]

Chosen Figure alleges that Prabal Gurung committed direct copyright infringement when the clothing brand, without license from Chosen Figure, posted a photo of musician Camila Cabello taken by Chosen Figure to Prabal Gurung's Facebook account with the caption:

---

[1] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R and therefore summarizes only the key facts here.  *See* R&R at 2–6.

"[Camila Cabello] looks fantastic wearing [a Prabal Gurung outfit] from the Prabal Gurung Fall Winter 2022 collection to the Met Gala after party." Compl. ¶¶ 2, 24, 26–27; ECF No. 1-2.

After Prabal Gurung failed to appear or otherwise respond to Chosen Figure's complaint, the Court directed Chosen Figure to initiate default judgment proceedings. ECF No. 17; *see also* ECF No. 24 (referring the matter to Judge Stein). In its motion for a default judgment, Chosen Figure requests that the Court (1) find that Chosen Figure has prevailed as a matter of law on its claim of direct copyright infringement and (2) award Chosen Figure (a) $22,225 in statutory damages, (b) $5,537.50 in attorneys' fees, and (c) $457 in costs, for a total judgment of $28,219.50. *See generally* Mot.

The R&R recommends that the Court grant Chosen Figure's motion in part and deny the motion in part by awarding Chosen Figure a default judgment of $1,500 in statutory damages, $1,000 in attorneys' fees, and $457 in costs, for a total of $2,957. R&R at 34.

First, the R&R finds that entry of a default judgment is warranted by virtue of Prabal Gurung's willful failure to appear and present any meritorious defenses and the prejudice that Chosen Figure would suffer absent a default judgment. *Id.* at 9–11. Next, relying on the complaint's allegations, which are deemed admitted by Prabal Gurung's default, the R&R concludes that Chosen Figure has prevailed on its copyright infringement claim. *Id.* at 11–14. The R&R rejects Chosen Figure's claim for $22,225 in statutory damages, however, which Chosen Figure bases on the $4,445 that it estimates it would have received had Prabal Gurung licensed the photo for use in the Facebook post, multiplied by a factor of five pursuant to *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (setting forth factors for courts to consider when determining the amount of statutory damages to award for copyright infringement, including the revenue lost by the copyright holder and the need to deter future

2

infringers). *See* R&R at 14–28. Based on Prabal Gurung's limited infringing use of the photo, the R&R estimates that the proper licensing fee would be between $260 and $535, so the statutory minimum award of $750 should apply. *Id.* at 20–23. Applying the *Bryant* factors, the R&R recommends multiplying the minimum award by two, for a total of $1,500 in statutory damages, emphasizing that Chosen Figure has not submitted evidence of willful infringement that would ordinarily counsel in favor a larger multiplier. *See id.* at 23–28.

Finally, the R&R recommends that the Court permanently enjoin Prabal Gurung from further infringing on Chosen Figure's copyright and award Chosen Figure $1,000 in attorneys' fees and $457 in costs. *Id.* at 30–33. Judge Stein recommends substantially lowering the amount of attorneys' fees awarded from the amount Chosen Figure seeks because "Chosen Figure has failed to establish that Prabal Gurung's infringement was willful;" "Chosen Figure's claim for $22,225 in statutory damages represents an inflated figure without adequate support;" "Chosen Figure submitted no evidence supporting its claim that it attempted to resolve this dispute prior to initiating this litigation and incurring the attorneys' fees and costs it now seeks to recover;" and a greater amount of fees would only "minimally advance the purposes and deterrent effect of the Copyright Act." *Id.* at 31–32.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is

apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates the[ir] original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error." (citation omitted)). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009). The Court reviews for clear error any portion of the R&R to which no objection is made. *Santiago v. Colvin*, No. 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014).

**DISCUSSION**

Chosen Figure raises three objections to the R&R. *See generally* Objs. The Court addresses each in turn.

I. <u>Willful Misconduct</u>

First, Chosen Figure objects to Judge Stein's application of the *Bryant* factors for statutory damages, in particular, Judge Stein's conclusion that Chosen Figure has not provided evidence of willful infringement by Prabal Gurung. *Id.* at 3–5. Under *Bryant*, courts determining the amount of statutory damages for copyright infringement should consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

603 F.3d at 144. Courts applying the first factor often consider whether the infringer's conduct was willful—that is, whether "the defendant was actually aware of the infringing activity, or the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Serio v. Skijor, USA, Inc.*, No. 23 Civ. 438, 2023 WL 8372894, at *4 (S.D.N.Y. Dec. 4, 2023) (cleaned up) (citations omitted). "In cases involving willful infringement of photographs[,] courts in this Circuit typically award a multiple of three to five times the amount of the licensing fee the plaintiff would expect to receive had the defendant properly licensed the photograph." *Sadowski v. Tribuna Abierta, Inc.*, No. 23 Civ. 337, 2024 WL 2279166, at *4 (S.D.N.Y. Apr. 16, 2024) (report and recommendation); *see also Bryant*, 603 F.3d at 143 ("[A] higher award may be warranted where the infringer acted willfully.").

Judge Stein concludes that Chosen Figure "has not provided any evidence to substantiate a finding of willful infringement." R&R at 25. Although the complaint alleges that Chosen Figure

5

advised Prabal Gurung of its infringement before filing suit and received no response—suggesting that Prabal Gurung chose to continue violating Chosen Figure's rights after it was on notice of the infringing activity—Chosen Figure has not provided any evidence to support this fact at default judgment, nor any evidence showing that Prabal Gurung is a serial infringer. *See id.* at 25 & n.9; Compl. ¶¶ 44–46. Chosen Figure objects to this analysis, contending that Judge Stein could have relied on its allegations in the complaint and the mere fact of default to find that Prabal Gurung's infringement is willful. Objs. at 4–5. The Court disagrees.

Although courts adjudicating motions for default judgment may rely on the allegations of the complaint to determine a defaulting party's substantive liability, courts may not accept the allegations as true when determining the amount of damages to award. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Instead, courts must determine whether there is a sufficient evidentiary basis to ascertain the amount of damages with reasonable certainty. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Although there is some inconsistency in courts' approach to evaluating statutory damages under the Copyright Act at default judgment, courts in this Circuit generally require the moving party to put forth competent evidence to support each of the *Bryant* factors. *See, e.g.*, *Verch v. Blockchain Techs. Corp.*, No. 20 Civ. 2631, 2021 WL 1198784, at *2 (S.D.N.Y. Mar. 30, 2021) (finding that the *Bryant* factors weighed against a substantial statutory damages award when plaintiff failed to put forth evidence in support of the factors); *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17 Civ. 5721, 2019 WL 312149, at *7 (E.D.N.Y. Jan. 3, 2019) (citing to declaration filed in support of motion for default judgment), *rep. & rec. adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019); *Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 240 (S.D.N.Y. 2023) (same). Additionally, although a court may infer willfulness from the

defendant's "fail[ure] to counter the evidence of infringement asserted in the [c]omplaint," *Sadowski*, 2024 WL 2279166, at *3, it may do so only when the allegations of the complaint and the evidence submitted in support suffice to establish willful infringement, R&R at 23–24 (collecting cases).

Applying these principles here, Chosen Figure cannot establish willfulness by relying solely on its allegation that it notified Prabal Gurung prior to filing suit and the mere fact of default. Therefore, its objection is overruled.[2] Because the R&R correctly concluded that Chosen Figure did not submit sufficient evidence to support a finding that Prabal Gurung was actually aware of its infringing activity or exhibited a reckless disregard for, or willful blindness to, Chosen Figure's rights, the Court agrees with the R&R that the first and fourth *Bryant* factors—the infringer's state of mind and the need for specific and general deterrence—weigh only slightly in favor a damages multiplier. *See* R&R at 23–26.[3]

II.   The Statutory Damages Baseline

Second, Chosen Figure objects to the R&R's application of the $750 minimum damages award under 17 U.S.C. § 504(c)(1) rather than the higher baseline award of $4,445 sought by Chosen Figure. Objs. at 5; R&R at 20, 23. As the R&R explains, Chosen Figure arrived at its baseline damages estimate by using Getty Images' price calculator to estimate the licensing fee that would apply to a similar Chosen Figure photo of Camila Cabello if licensed for print, display, and TV advertising in an "[a]dvertorial" format (*i.e.*, an advertisement designed to appear as an

---

[2] Chosen Figure claims that the billing records it submitted to the Court do not include time spent drafting and sending the pre-suit letter to Prabal Gurung because the letter was not sent by an attorney. Objs. at 4–5. If that were the case, Chosen Figure could have billed for the non-attorney's time. In any event, Chosen Figure's failure to include the letter in its billing records does not explain its failure to mention sending the letter in its attorney's declaration recounting the factual background and history of this case. *See generally* Sabilia-Heffert Decl., ECF No. 22-1.

[3] Chosen Figure does not raise a specific objection to Judge Stein's analysis of the remaining *Bryant* factors, and the Court finds no clear error in that analysis. *See* R&R at 26–27.

7

editorial). R&R at 17–18. The R&R acknowledges that relying on Getty Images' price calculator as a measure for assessing market rate license fees is an acceptable and often used method to calculate baseline damages in photography copyright infringement cases. *Id.* at 18 (citing *Roethlisberger v. Oxido Corp.*, No. 20 Civ. 1909, 2021 WL 5772038, at *1 (S.D.N.Y. Dec. 6, 2021)). However, the R&R finds that Chosen Figure has not justified the specific use and format it selected on the Getty Images website for the sample photo because Prabal Gurung's use of the photo at issue on Facebook is not "advertorial" and the photo is not displayed in print or TV. *Id.* at 19–20. Adjusting the Getty Images parameters to include only a one-time use of the sample photo on digital and social media, the R&R finds that the market licensing rate ranges from $260 to $535, far below the Copyright Act's $750 minimum statutory damages award. *Id.* at 20, 22–23.

Chosen Figure contends that the licensing estimate should be higher because Prabal Gurung "utilized the copyrighted work in a commercial manner for advertising/promotional purposes . . . to sell [its] merchandise." Objs. at 7. Even so, Chosen Figure offers no response to the R&R's persuasive assessment that the Getty Images licensing parameters selected by Chosen Figure do not apply to the facts here because Prabal Gurung did not use the photo in an advertorial format in print, display, or TV advertising. Accordingly, Chosen Figure has failed to provide a sufficient justification for its baseline damages amount of $4,445, and the Court agrees with Judge Stein that application of the statutory minimum damages award of $750 is appropriate given Prabal Gurung's limited, non-advertorial use of Chosen Figure's photograph in a single Facebook post.

III. <u>Attorneys' Fees</u>

Third, Chosen Figure contends that Judge Stein erred in recommending that the Court

award Chosen Figure only $1,000 in attorneys' fees rather than the $5,537.50 Chosen Figure seeks in its motion. Objs. at 9; *see* Sabilia-Heffert Decl. ¶ 19, ECF No. 22-1. Under 17 U.S.C. § 505, the Court has discretion to award "a reasonable attorney's fee to the prevailing party" in a copyright infringement action. In exercising that discretion, courts "may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant*, 603 F.3d at 144. The R&R recommends a lower amount of $1,000 based principally on the fact that Chosen Figure has not established willful infringement and because Chosen Figure's proposed baseline damages award lacks justification. *See* R&R at 31–33. Chosen Figure contends that the R&R's analysis improperly strays from the factors set forth above and, because the R&R does not conclude that Chosen Figure's claims were objectively unreasonable, the R&R lacks a sufficient basis to recommend a discounted award. *See* Objs. at 9.

Reviewing the issue *de novo*, the Court finds that an attorneys' fee award of $3,937.50 is appropriate under the circumstances. As an initial matter, the hours and billing rates set forth in attorney Sabilia-Heffert's declaration are reasonable. *See* Sabilia-Heffert Decl.; Am. Intell. Prop. L. Ass'n, *Report of the Economic Survey 2021*, at 6–7, ECF No. 22-6 (showing a median hourly billing rate of $712 for an equity partner at a private intellectual property firm in the New York market and $446–490 for a partner-track attorney with 7–14 years' experience); *Ji Li v. Ichiro Sushi, Inc.*, No. 14 Civ. 10242, 2022 WL 1137094, at *2 (S.D.N.Y. Apr. 16, 2022) ("A rate of $100 to $150 for paralegal work is standard."). As to whether fees should be awarded and in what amount, the Court agrees with the R&R that Chosen Figure advocated for a statutory damages amount that was far off the mark without "adequate justification." R&R at 20. According to the R&R, "[t]his is not the first time that Chosen Figure's counsel, the Sanders Law

9

Group, has inappropriately used Getty Images parameters that yielded an inflated license fee in the context of a motion for default judgment in a copyright infringement case." *Id.* at 21 (citing three examples).

At the same time, although "Chosen Figure submitted no evidence supporting its claim that it attempted to resolve this dispute prior to initiating this litigation" beyond its allegations to that effect in the complaint, *id.* at 32, Chosen Figure had a good-faith basis to believe that such allegations would suffice at the default judgment stage given that at least some courts in this District have relied on allegations in the complaint alone to support a finding of willfulness under 17 U.S.C. § 504. *See, e.g.*, *Sadowski*, 2024 WL 2279166, at *3 (determining willfulness based solely on the allegations of the complaint in a default judgment order before turning to the issue of damages). Additionally, the Court agrees with Chosen Figure that the mere fact that some courts have acknowledged a finding of willfulness as a factor supporting attorneys' fees does not mean that Prabal Gurung's lack of willfulness counsels against a grant of fees here. Chosen Figure's attorneys expended more time and effort on this matter than they would have if Prabal Gurung had timely and voluntarily corrected its infringement. *See* R&R at 27. The Court also finds it important not just to deter would-be infringers through § 504's statutory damages multiplier, but to incentivize copyright holders to protect their rights in future cases through the allocation of reasonable attorneys' fees. Accordingly, Chosen Figure's objection is sustained in part, and the Court shall exercise its discretion to award Chosen Figure the bulk of the fees it seeks, for a total of $3,937.50 in attorneys' fees.

The Court has reviewed the remainder of Judge Stein's thorough and well-reasoned R&R for clear error, including the portions to which Chosen Figure does not object, and finds no clear error.

## CONCLUSION

For the foregoing reasons, the Court SUSTAINS IN PART and OVERRULES IN PART Chosen Figure's objections and GRANTS IN PART and DENIES IN PART Chosen Figure's motion for a default judgment.  The Clerk of Court is respectfully directed to enter a default judgment against Prabal Gurung permanently enjoining Prabal Gurung from displaying Chosen Figure's photograph without a license on Prabal Gurung's Facebook account or any alternative medium under its control, and awarding Chosen Figure $1,500 in damages, $3,937.50 in attorneys' fees, and $457 in costs.  The Clerk of Court is further directed to close the case.

SO ORDERED.

Dated: March 10, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge